**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

| | |
|---|---|
| In re:<br>**Patrick William Kelly,**<br>           Debtor.<br>**Stephanie Lynn Kelly,**<br>          Joint Debtor.<br>**U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust**<br>          Movant.<br>v.<br>**Patrick William Kelly,**<br>**Stephanie Lynn Kelly** and<br>**Kenneth E. West, Trustee.**<br>          Respondents. | **Bankruptcy No. 19-13401-elf**<br><br>**Chapter 13** |

## CREDITOR'S CERTIFICATION OF DEFAULT

I, Charles G. Wohlrab, Esq., attorney for U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust ("Plaintiff"), certifies as to the following:

1. I am an attorney for U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust and am duly authorized to make this certification.

2. On February 7, 2020, an Order Approving Stipulation was entered, which required the Debtor to make certain payments to Plaintiff to cure specified arrearages maintain future accruing payments. See Exhibit "A".

3. On March 14, 2022 Plaintiff, by counsel, served on Debtor(s), Debtor(s)' counsel, and the Trustee a Notice of Default setting forth that Debtor(s) were in default in the provisions of the Stipulation. See Exhibit "B".

4. The March 14, 2022 Notice of Default stated that the sum of $3,361.30 was needed from Debtor(s) to cure the default.

5. The Notice of Default advised that if either the Debtor(s) or the Trustee did not, within ten (10) days of the service of the Notice of Default, either cure the default, file an Objection stating that no default exists, or file an Objection stating any other reason why a relief Order should not be entered, Plaintiff could submit a Certification stating that it has complied with the notice requirements of the Order and that the Court may grant relief from the automatic stay without further notice to Debtor, and that, if granted such relief, the real property located at 543 Bradford Avenue, Warrington, PA 18976 may be sold at foreclosure.

6. Neither the Debtor(s) nor the Trustee has cured the default, filed an objection with the Court stating that no default exists, or filed an objection with the Court stating any other reason why an order granting relief from the automatic stay should not be entered.

7. That, in accordance with the terms of the Order Approving Stipulation entered on February 7, 2020. Plaintiff is entitled to relief from the automatic stay as to the real property located at 543 Bradford Avenue Warrington, PA 18976

Date: April 4, 2022

**Robertson, Anschutz, Schneid & Crane LLC**
Attorney for Secured Creditor
10700 Abbott's Bridge Rd., Suite 170

Duluth, GA  30097
Telephone: (470) 321-7112
By: /s/  Charles G. Wohlrab
Charles G. Wohlrab, Esquire
PA Bar Number  314532
Email: cwohlrab@raslg.com